**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 10, 2012

LETTER TO ALL COUNSEL

  Re: Andrea L. Haines v. Michael J. Astrue, Commissioner of Social Security, Civil No. SAG-10-cv-822

Dear Counsel:

  On April 2, 2010, claimant Andrea L. Haines ("Ms. Haines" or "Claimant") petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") (Paper No. 1). I have considered the parties' cross-motions for summary judgment (Paper Nos. 16 and 19), and Ms. Haines's response to Defendant's motion for summary judgment (Paper No. 21). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will vacate the agency's decision and remand the matter for further proceedings. This letter explains my rationale.

  The Appeals Council denied Ms. Haines's request for review (Tr. 1-5), so the decision of Administrative Law Judge Karl Alexander ("the ALJ") is the final, reviewable decision of the agency. Ms. Haines's application was based upon her claim of disability due to depression and lower back and leg problems. (Tr. 108). Ms. Haines filed her application for SSI on May 26, 2006, and alleged that she became disabled on June 27, 2005. (Tr. 103).

1

While Ms. Haines argues that the ALJ improperly disregarded the opinion of Dr. Mullings, it is the ALJ's treatment of other medical opinions that present greater cause for concern. The treating physician rule does not always require adoption of a treating health care provider's opinion.  While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight.  *Craig*, 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e); SSR 96–5p. Pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to ... any opinions from treating sources, nonteaching sources, and other nonexamining sources who do not work for [the Social Security Administration]." In this case, the ALJ discussed in detail his reasons for disregarding Dr. Mullings's medical opinion, including Dr. Mullings's continued prescription of pain medications to the Claimant after receiving indicia of abuse. The ALJ's decision to disregard Dr. Mullings's opinion was not improper.

However, though the ALJ stated that he gave great weight to the Psychiatric Review Technique assessments ("PRTFs") filed by state agency reviewing psychologists on August 4, 2006, and June 4, 2007, (Tr. 19), he did not fully discuss the opinion of Dr. G. Dale, Jr., one of those state agency reviewers. When assessing Ms. Haines's mental health impairments, the ALJ referred only to Listing categories 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.09 (substance addiction disorders). *Id*. The ALJ failed to address the two other categories of mental impairments Dr. Dale listed on his PRTF: 12.02 (organic mental disorders, namely, attention deficit hyperactivity disorder) and 12.07 (somatoform disorders, namely, chronic pain).

The ALJ also stated that "the medical evidence of record does not establish any episodes of decompensation . . . during the period under adjudication," and therefore found that Ms. Haines suffered no episodes of decompensation during the relevant time period. (Tr. 19). Dr. Dale's report, however, noted that Ms. Haines had suffered "one or two" episodes of decompensation. (Tr. 434). Because the ALJ failed to discuss many of the limitations included in Dr. Dale's report, this Court cannot ascertain if the ALJ properly analyzed whether Ms. Haines' impairments met or medically equaled impairments included on the Listing of Impairments. This error at step three is not *de minimis*. Errors such as these inevitably infect the ALJ's analysis at subsequent steps. Because the Court cannot assess whether the ALJ's step three analysis is supported by substantial evidence, remand is appropriate. In remanding this case, the Court expresses no opinion on the ultimate merits of Claimant's application for SSI benefits.

The ALJ's evaluation of the Global Assessment of Functioning ("GAF") score[1] assigned to the Claimant by Dr. Umpierre was also deficient. The ALJ stated that, "Dr. Umpierre apparently accepted wholesale all of the Claimant's exaggerated and unsupported subjective complaints leading to a GAF score of 40 . . . with the highest being 45 in the past year." (Tr. 21). The ALJ also notes that he generally accords little weight to GAF scores because they are

---

[1] The Global Assessment of Functioning ("GAF") scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. *Johnson v. Astrue*, Docket No. 10-cv-947-TMD, 2011 WL 5149574 at *2 (D.Md. Oct. 27, 2011) (citing *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Ed.) A GAF score is a

> subjective determination that represents the clinician's judgment of the individual's overall level of functioning. It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood. A GAF of 41 to 50 means that the patient has serious symptoms ... OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). A GAF rating of 51 to 60 signals the existence of moderate difficulty in social or occupational functioning.

*White v. Comm'r of Social Sec.*, 572 F.3d 272, 276 (6th Cir. 2009) (citing *Edwards v. Barnhart*, 383 F.Supp.2d 920, 924 n.1 (E.D.Mich. 2005)).

"essentially based exclusively on the claimant's subjective complaints and other statements at that particular moment, which the evaluator rarely questions." *Id.* However, the record reflects that Ms. Haines treated with Dr. Umpierre for three years. (Tr. 35, 330-35, 490-95). Evidence in the medical record supported Dr. Umpierre's assigned GAF score. For example, Dr. Umpierre's notes record Ms. Haines's history of conflict with family members, panic attacks, dysthymic disorder and adjustment disorder. All of these factors may have influenced the GAF score Dr. Umpierre assigned; the ALJ did not explain his treatment of these factors when dismissing Dr. Umpierre's assessment. Contrary to the ALJ's contentions, there is no evidence in the record to reasonably conclude that Dr. Umpierre assigned a GAF score based on anything other than his own professional judgment. Such speculation on the part of the ALJ, which he apparently applies in many cases involving GAF scores, is improper and warrants remand. *Haines v. Astrue*, Docket No. 08-cv-11502-PWG, 2010 WL 4294623 at *2 (D.Md. Oct. 29, 2010) (citing *Foxman v. Barnhart*, 157 Fed. Appx. 344, 347 (2d Cir. 2005)). After review of the record, the Court cannot say whether the ALJ's rejection of Dr. Umpierre's opinion and GAF score was proper.

The ALJ's opinion contains a number of other troubling conclusions. The ALJ asserts that the Claimant's multiple disability applications and poor work record "evidences a secondary gain motivation to seek disability payments instead of working." (Tr. 19). This assertion is inappropriate because it is purely speculative. One could just as easily draw the opposite conclusion – that Ms. Haines's multiple disability applications and poor work record substantiate the seriousness of her mental and physical impairments. The ALJ also finds Ms. Haines's claim that she suffered from sexual abuse as a child "somewhat incredible" given that she had a limited mental health treatment history and that there are "no reports of any prosecutions of the offenders." (Tr. 21). It does not appear from the record that the ALJ made any specific inquiry to

determine whether or not anyone has been prosecuted for abusing Ms. Haines. Even assuming that no prosecution occurred, for many years, this country has recognized both the dramatic underreporting of rapes and sexual assaults, and the reluctance or inability of many victims of those crimes to seek professional help. *See, e.g.,* U.S. Dept. of Justice, *Reporting Crime to the Police, 1992-2000* at 3 (2003), *available at* http://bjs.ojp.usdoj.gov/content/pub/pdf/rcp00.pdf (noting that between 1992 and 2000, only 31 percent of rapes and sexual assaults were reported to the police). No valid conclusion about Ms. Haines's truthfulness can be drawn from the mere fact that no one has been prosecuted for abusing her. The improper conclusions drawn by the ALJ also infect the ALJ's assessment of Claimant's credibility, which otherwise may have been based on substantial evidence. While this Court disagrees with the Claimant's assertion that the ALJ's opinion demonstrated prejudice or bias prevented Ms. Haines from receiving a fair hearing, on remand the ALJ should refrain from drawing unwarranted conclusions from the evidence of record.

For the reasons set forth herein, Ms. Haines's motion for summary judgment (Paper No. 16) will be DENIED and Defendant's motion for summary judgment (Paper No. 19) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings consistent with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge